UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 02-4347

BRANDI LATOYA JORDAN,
                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 02-4361

DANNY ANTONIO JORDAN, SR.,
                    *Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of Virginia, at Lynchburg.
Norman K. Moon, District Judge.
(CR-01-31)

Submitted: April 18, 2003

Decided: June 6, 2003

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Sofie W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington,
North Carolina; Craig W. Sampson, LAW OFFICE OF CRAIG W.

SAMPSON, Richmond, Virginia, for Appellants. John L. Brownlee, United States Attorney, Joseph W.H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Danny and Brandi Jordan were convicted by a jury of conspiracy to defraud the United States, 18 U.S.C. § 371 (2000); wire fraud, 18 U.S.C. § 1343 (2000); mail fraud, 18 U.S.C. § 1341 (2000); advise in the preparation of false tax returns, 26 U.S.C. § 7206(2) (2000); and submitting fraudulent tax returns, 26 U.S.C. § 7206(1) (2000). Danny Jordan was sentenced to 87 months imprisonment; Brandi Jordan was sentenced to 63 months imprisonment. They noted timely appeals.

In late 1999, Danny and Brandi Jordan began promoting a tax "strategy" which promised to reduce their potential clients' tax liability, thereby generating large tax refunds, by becoming "business partners" with Danny Jordan. The "strategy" involved fictitious deductions on a Schedule C (profit or loss from business), resulting in large refunds; the Jordans received 30% of the refunds as their fee.

At trial, the Government introduced evidence establishing that the Jordans prepared 527 federal returns which claimed a total of $11,085,429 in fraudulent business deductions. The total amount of refunds shown on these returns was $1,774,460; however, only 171 refunds were actually issued, totaling $575,222. At sentencing, the Government provided additional information regarding state tax losses—specifically, 540 state tax returns totaling $532,914 in fraudulent refunds. The Government also introduced 80 tax returns which were prepared but not filed, claiming fraudulent refunds totaling $232,155, and an additional 101 returns seized from computer files

totaling $342,215 in fraudulent refunds. Altogether, the losses attributable to the Jordans totaled $2,958,071. The Jordans objected to the loss calculations, arguing that the total amount should not have included either state tax losses or refunds claimed on unfiled returns. The district court overruled the objections and sentenced Danny Jordan to 87 months imprisonment and Brandi Jordan to 63 months imprisonment. The Jordans timely appealed.

The Jordans first contend that the district court erred by including the amount of state tax return losses in calculating their base offense levels. The district court's findings of fact at sentencing are reviewed for clear error. 18 U.S.C. § 3742; *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996); *United States v. Williams*, 977 F.2d 866, 869 (4th Cir. 1992). The district court's legal conclusions are subject to de novo review. *United States v. Brock*, 211 F.3d 88, 90 (4th Cir. 2000).

"Tax loss," for sentencing purposes, is defined as "the total amount of loss that was the object of the offense (*i.e.*, the loss that would have resulted had the offense been successfully completed)." USSG § 2T1.1(c)(1). In determining total tax loss, "all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." USSG § 2T1.1, comment. n.2. This court has recently held that tax loss may include amounts in returns prepared by the defendant but not included in the indictment. *United States v. Hayes*, 322 F.3d 792, 801-02 (4th Cir. 2003).

Here, the state tax returns mirrored the federal returns with respect to the amounts of fraudulent business deductions claimed and were prepared contemporaneously with the federal return. We therefore find that the district court's inclusion of these amounts as relevant conduct was not clearly erroneous. Similarly, the district court's inclusion of the amounts claimed on unfiled returns as relevant conduct was not clearly erroneous. *See id.*

Next, the Appellants argue that the district court erred in denying their motions for judgment of acquittal, Fed. R. Crim. P. 29, because they held a good faith belief in the legality of their tax program. This Court reviews the denial of a motion for a judgment of acquittal de

novo. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion is based on insufficient evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

The Appellants challenge the sufficiency of the evidence on the grounds that they held a good faith belief in the legality of their program. In criminal tax prosecutions, a good faith misunderstanding of the law or a good faith belief that one is not violating the law negates willfulness, whether or not the belief is objectively reasonable. *Cheek v. United States*, 498 U.S. 192, 202-203 (1991). However, the taxpayer's subjective beliefs regarding his "ignorance of the law" or his "misunderstanding of the law" is a question for the jury. *Id.* 498 U.S. at 203. Here, the district court properly instructed the jury on the good faith defense and the Government's burden of proof. Both Appellants testified at length regarding their understanding of the program and the basis for their beliefs in its legality; the jury chose not to believe them. This finding is not subject to review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Finally, Danny Jordan asserts that the district court erred in failing to submit the amount of loss to the jury for a determination beyond a reasonable doubt, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* is not implicated when the sentencing court makes factual findings that increase the guideline range but the sentence does not exceed the statutory maximum. *Harris v. United States*, 122 S. Ct. 2406, 2418 (2002); *United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000). Here, the enhancements for amount of loss did not increase either Danny or Brandi's sentence above the statutory maximum. Consequently, *Apprendi* is not implicated. *See also United States v. Photogrammetric Data Servs.*, 259 F.3d 229, 257-59 (4th Cir. 2001) (finding no *Apprendi* violation where sentence for fraud convictions was based on loss determined by district court at sentencing and ultimate sentence was within the statutory maximum).

Danny Jordan has moved for leave to file a pro se supplemental brief. We grant the motion. We have reviewed Jordan's claims raised therein and find them to be without merit. Accordingly, we affirm Danny Jordan's and Brandi Jordan's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*