**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4389

MANDEL TARIJ BROCK, a/k/a Shaheed
Shabazz,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
James C. Turk, District Judge.
(CR-98-96)

Argued: February 28, 2000

Decided: April 13, 2000

Before WILKINS, MICHAEL, and KING, Circuit Judges.

_____

Vacated and remanded by published opinion. Judge Wilkins wrote the
opinion, in which Judge Michael and Judge King joined.

_____

**COUNSEL**

**ARGUED:** Sidney Harold Kirstein, MCRORIE & KIRSTEIN,
Lynchburg, Virginia, for Appellant. Sharon Burnham, Assistant
United States Attorney, Roanoke, Virginia, for Appellee. **ON
BRIEF:** Robert P. Crouch, Jr., United States Attorney, Roanoke, Vir-
ginia, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Mandel Tarij Brock appeals the sentence he received following his plea of guilty to making repeated harassing interstate telephone calls. See 47 U.S.C.A. § 223(a)(1)(E) (West Supp. 1999). Brock contends that a two-level enhancement imposed by the district court pursuant to U.S. Sentencing Guidelines Manual § 2A6.1(b)(2) (1998) was both improper as a matter of law and unsupported by the evidence. We conclude that the district court improperly applied the guidelines. Accordingly, we vacate and remand for resentencing.

I.

Between October 29 and December 14, 1998, Brock made numerous telephone calls from North Carolina to his former girlfriend, Christel Dews, who was then living in Virginia. During that period, Brock contacted or attempted to contact Dews by telephone at least 40 times. He was subsequently arrested and charged with two counts of threatening to injure Dews in violation of 18 U.S.C.A. § 875(c) (West Supp. 1999). Pursuant to a plea agreement, Brock waived indictment and pled guilty to a one-count information alleging that he had violated 47 U.S.C.A. § 223(a)(1)(E) by making repeated interstate telephone calls for the purpose of harassing (as opposed to threatening) Dews. In the agreement, Brock acknowledged making the calls and using "threatening words," but denied that he "actually intend[ed] to threaten" Dews or that he "[took] any steps to carry out any threat." J.A. 15.

The plea agreement contained many provisions relevant to Brock's sentence, several of which are pertinent to this appeal. First, the parties agreed that U.S.S.G. § 2A6.1 was the applicable guideline provision and that "[p]ursuant to § 2A6.1(a)(2), the base offense level is 6, since the offense did not involve a true threat to injure a person or property." Id. at 15. The agreement additionally provided that Brock was subject to a two-level enhancement for violating a court protection order, see U.S.S.G. § 2A6.1(b)(3), and that the Government conditionally agreed to recommend a two-level reduction for acceptance of responsibility, see id. § 3E1.1(a). Brock acknowledged, however,

2

that the stipulations in the plea agreement were not binding on the district court, which could "sentence up to the maximum provided by law." J.A. 21. Finally, Brock agreed to the following waiver of his appeal rights: "I am knowingly and voluntarily waiving any right conferred by Title 18, United States Code, Section 3742, to appeal the sentence determined by the court, except for an upward departure from the guidelines or a factual finding that deviates from the factual stipulations" relevant to the application of the guidelines, including that the offense did not involve a "true threat" to injure a person or property. Id. at 15, 19.

The presentence report (PSR) recommended a base offense level of six pursuant to U.S.S.G. § 2A6.1(a)(2). It then suggested the addition of two levels because Brock had made more than two threats, see U.S.S.G. § 2A6.1(b)(2), and another two levels because the offense involved the violation of a court protection order, see id. § 2A6.1(b)(3). The PSR thus arrived at an adjusted offense level of ten. After awarding Brock a two-level reduction for acceptance of responsibility, see id. § 3E1.1(a), the PSR recommended a total offense level of eight. The PSR also recommended a criminal history score of nine, placing Brock in Criminal History Category IV.

At sentencing, Brock objected, inter alia, to the two-level enhancement for making more than two threats. The district court overruled Brock's objections and adopted the recommendations of the PSR. Brock's total offense level of eight, combined with his Criminal History Category of IV, resulted in a guideline range of 10-16 months. The district court sentenced Brock to 14 months imprisonment and 12 months supervised release. Brock now appeals.

II.

Brock contends that the district court erred in imposing the two-level enhancement for making more than two threats. Section 2A6.1 of the Sentencing Guidelines provides in relevant part:

> § 2A6.1. Threatening or Harassing Communications
>
> (a) Base Offense Level:

3

(1) 12; or

(2) 6, if the defendant is convicted of an offense under 47 U.S.C. § 223(a)(1)(C), (D), or (E) that did not involve a threat to injure a person or property.

(b) Specific Offense Characteristics

. . . .

(2) If the offense involved more than two threats, increase by 2 levels.

. . . .

U.S.S.G. § 2A6.1. Brock maintains that the addition of two levels pursuant to § 2A6.1(b)(2) is legally inconsistent with selection of a base offense level of six pursuant to § 2A6.1(a)(2).[1] This is an issue of guideline construction subject to de novo review. See United States v. Payne, 952 F.2d 827, 828 (4th Cir. 1991).

As a purely textual matter, it appears contradictory for a district court in selecting the base offense level to conclude that an offense "did not involve a threat to injure a person or property," U.S.S.G. § 2A6.1(a)(2), and yet enhance that base offense level on the basis that "the offense involved more than two threats," id. § 2A6.1(b)(2). Closer examination is required, however, because under the guidelines the term "offense" takes on different meanings in different contexts. Thus, application of § 2A6.1(a)(2) could be compatible with an enhancement under § 2A6.1(b)(2) if "offense" in § 2A6.1(a)(2) refers

_____

[1] Brock arguably waived this argument according to the terms of his plea agreement. Nevertheless, the Government expressly elected not to argue waiver with regard to this issue and we decline to determine whether Brock waived the issue in the absence of argument by the parties. See Latorre v. United States, 193 F.3d 1035, 1037 n.1 (8th Cir. 1999).

4

to the offense of conviction without including relevant conduct, while "offense" in § 2A6.1(b)(2) includes relevant conduct.**2**

The guidelines define "offense" as "the offense of conviction <u>and</u> all relevant conduct under § 1B1.3 (Relevant Conduct) <u>unless</u> a different meaning is specified or is otherwise clear from the context." <u>Id.</u> § 1B1.1, comment. (n.1(<u>l</u>)) (emphases added). Additionally, the guidelines commentary instructs that

> [w]here there is more than one base offense level within a particular guideline, the determination of the applicable base offense level is treated in the same manner as a determination of a specific offense characteristic. Accordingly, the "relevant conduct" criteria of § 1B1.3 are to be used, <u>unless conviction under a specific statute is expressly required</u>.

<u>Id.</u> § 1B1.2, comment. (n.2) (emphasis added); <u>see also id.</u> § 1B1.3, comment. (n.6) (contrasting guidelines provisions that require a conviction under a specific statute for selection of the base offense level with those that use a statutory reference to describe a particular set of circumstances).

Section 2A6.1(a)(2) expressly requires conviction under 47 U.S.C.A. § 223(a)(1)(C), (D), or (E) in order for the base offense level of six to apply. In that regard it resembles § 2K2.1(a)(8), for example, which provides that the base offense level should be six "if the defendant is convicted under 18 U.S.C. § 922(c), (e), (f), (m), (s), (t), or (x)(1)." U.S.S.G. § 2K2.1(a)(8); <u>see also id.</u> § 2K2.1(a)(6)(B) (providing for a base offense level of 14 if the defendant "is convicted under 18 U.S.C. § 922(d)"); <u>id.</u> § 2S1.1(a)(1) (providing for a base offense level of 23 if the defendant is "convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A)"). Importantly, however, § 2A6.1(a)(2) differs from § 2K2.1(a)(8) and similar provisions because the language in § 2A6.1(a)(2) requiring conviction under a

---

**2** The term "offense" as it is used in § 2A6.1(b)(2)--which delineates specific offense characteristics--clearly includes relevant conduct. <u>See</u> U.S.S.G. § 1B1.3(a) (directing that "[u]nless otherwise specified, . . . specific offense characteristics . . . shall be determined on the basis of" relevant conduct).

specified statute is followed by the modifying phrase "that did not involve a threat to injure a person or property." Id. § 2A6.1(a)(2). Based on our analysis of the statutory provisions cited in § 2A6.1(a)(2), we determine that, despite the requirement of conviction under a particular statute, this modifying phrase indicates that relevant conduct should be considered in determining whether the appropriate base offense level is six.

47 U.S.C.A. § 223(a) provides in relevant part:

> Whoever--
>
> (1) in interstate or foreign communications--
>
>  . . .
>
>  (C) makes a telephone call or utilizes a telecommunications device, whether or not conversation or communication ensues, without disclosing his identity and with intent to annoy, abuse, threaten, or harass any person at the called number or who receives the communications;
>
>  (D) makes or causes the telephone of another repeatedly or continuously to ring, with intent to harass any person at the called number; or
>
>  (E) makes repeated telephone calls or repeatedly initiates communication with a telecommunications device, during which conversation or communication ensues, solely to harass any person at the called number or who receives the communication ...
>
> . . .
>
> shall be fined under Title 18, or imprisoned not more than two years, or both.

6

47 U.S.C.A. § 223(a). None of the above-described offenses involves the actual making of threats as a statutory element. **3** We conclude, therefore, that the phrase "did not involve a threat to injure a person or property" in § 2A6.1(a)(2) is a reference to relevant conduct, because the only other reading--interpreting the phrase as a reference to the elements of the offense of conviction--would render it superfluous. See United States v. Nordic Village, Inc., 503 U.S. 30, 36 (1992) (noting the "settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect"); United States v. Bahhur, 200 F.3d 917, 927 (6th Cir. 2000) (stating that normal rules of statutory construction apply in interpreting a guidelines provision).

The language of § 2A6.1(a)(2) thus directs the district court to look beyond the decision of the Government to charge a defendant under 47 U.S.C.A. § 223(a)(1)(C), (D), or (E) and consider relevant conduct in determining the appropriate base offense level. Cf. U.S.S.G. § 1B1.2(a), (b) (directing that offense with which defendant is charged determines applicable guideline section but relevant conduct is used to determine appropriate sentencing range). This application of relevant conduct furthers the Sentencing Commission's goal of creating a balance between a "real offense" and a"charge offense" sentencing system.**4** See id. Ch. 1, Pt. A, § 4(a), p.s.

Given that "offense" in both § 2A6.1(a)(2) and § 2A6.1(b)(2) includes relevant conduct, we agree with Brock that a two-level

_____

**3** Of course, a defendant convicted pursuant to 47 U.S.C.A. § 223 (a)(1)(C), (D), or (E) may in fact have made threats, but the making of threats is not required for a conviction. In particular, a defendant who makes an anonymous telephone call with the intent to threaten the recipient violates § 223(a)(1)(C), irrespective of whether the call is completed and the threat is made.

**4** The use of relevant conduct mirrors pre-guidelines practice, in which a sentencing judge could consider all factors relevant to sentencing. See United States v. Castellanos, 904 F.2d 1490, 1494 (11th Cir. 1990). Consideration of relevant conduct in addition to the elements of the charge, i.e., the offense of conviction, lessens the impact on the ultimate sentence of the Government's decision to charge a defendant under a particular statutory section.

enhancement pursuant to § 2A6.1(b)(2) based on a finding that the defendant made more than two threats to injure a person is incompatible with selection of a base offense level of six pursuant to § 2A6.1(a)(2), because application of both provisions would require the district court to make contradictory factual findings.[5] We therefore conclude that the district court improperly enhanced Brock's base offense level pursuant to § 2A6.1(b)(2).[6]

An implication of our analysis is that a defendant whose relevant conduct in violating 47 U.S.C.A. § 223(a)(1)(E) included at least one threat to injure a person or property should be sentenced under § 2A6.1 using a base offense level of 12. If such a defendant made more than two threats, it would be appropriate to enhance the base offense level by two pursuant to § 2A6.1(b)(2). Here, however, the Government did not cross-appeal the selection of base offense level

_____

[5] The Government argues that § 2A6.1(a)(2) and § 2A6.1(b)(2) are not necessarily incompatible because § 2A6.1(a)(2) specifically references a threat "to injure a person or property," while§ 2A6.1(b)(2) refers to threats generally. Thus, the Government argues, it would not be inconsistent to assign a base offense level of six pursuant to § 2A6.1(a)(2) because there were no threats made to injure a person or property, and then add two levels pursuant to § 2A6.1(b)(2) on the basis of a finding that the defendant made more than two threats of another sort, for example, to injure a person's reputation. This argument is irrelevant here because the only threats Brock is alleged to have made were threats to injure Dews.

[6] Brock maintains in the alternative that the factual finding of the district court that he made more than two threats was clearly erroneous. Because we conclude that the enhancement was not legally permissible, we need not address this argument.

Brock also contends that the district court erred in calculating his criminal history score, see U.S.S.G. Ch. 4, Pt. A, maintaining that three points were improperly added to his score based on a North Carolina assault conviction that was vacated pending appeal. We decline to consider this argument because, by the terms of the plea agreement, Brock waived the right to appeal his sentence on this basis, and the Government has elected to argue waiver with respect to this issue. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (holding that a knowing and voluntary waiver in a plea agreement of the right to appeal a sentence will be enforced).

six pursuant to § 2A6.1(a)(2), and Brock challenged only the application of the two-level enhancement pursuant to § 2A6.1(b)(2). Therefore, the only issue before us is whether the enhancement was properly applied, given the selection of six for the base offense level.

III.

In sum, we conclude that a two-level enhancement pursuant to U.S.S.G. § 2A6.1(b)(2) on the basis of a finding that the defendant made more than two threats to injure a person may not consistently be added to a base offense level of six selected pursuant to U.S.S.G. § 2A6.1(a)(2). Accordingly, we vacate Brock's sentence and remand for resentencing without the improper enhancement.

VACATED AND REMANDED

9