IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51081 c/w Nos. 98-51217; 99-50038; 99-50040;
99-50041; 99-50045; 99-50296; 99-50446; 99-50447; 99-50449;
99-50450; 99-50511; 99-50670; 99-50780; 99-50819; 99-50830;
99-50845; 99-50846; 99-50847; 99-50848; 99-50851; 99-50933;
00-51324; 01-50003; 01-50004
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH RUSSELL JUDD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CR-93-ALL
---------------------
March 19, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Keith Judd was found guilty by a jury of two counts of mailing a threatening communication with the intent to extort money or something of value. See 18 U.S.C. § 876. He was sentenced to 210 months' imprisonment, three years of supervised release, restitution to the victim in the amount of $20,000, and a special assessment of $200.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 98-51081 c/w Nos. 98-51217; 99-50038; 99-50040; 99-50041; 99-50045; 99-50296; 99-50446; 99-50447; 99-50449; 99-50450; 99-50511; 99-50670; 99-50780; 99-50819; 99-50830; 99-50845; 99-50846; 99-50847; 99-50848; 99-50851; 99-50933; 00-51324; 01-50003; 01-50004

-2-

Judd argues that the evidence was insufficient to establish that he had an intent to extort with the mailing of postcards in 1997 which stated "Send the money back now, Keith Judd, Last Chance or Dead." He also contends that the 1997 package containing a semen stained Playboy, a knife inside the magazine, a key chain, and his father's military discharge papers did not show an intent to extort and did not constitute a threat.

Judd further argues that the district court committed sentencing errors when it 1) increased Judd's offense level by six for conduct evidencing an intent to carry out the threats, see U.S.S.G. § 2A6.1(b)(1); 2) increased Judd's offense level by two because the offense involved more than two threats, see U.S.S.G. § 2A6.1(b)(2); 3) upwardly departed five levels based upon the extreme psychological harm to the victim and Judd's extreme conduct, see U.S.S.G. §§ 5K2.3 & 5K2.8, p.s.; 4) upwardly departed an additional five levels because Judd's mailing of letters to jurors after his trial was conduct outside the heartland of cases covered under the Sentencing Guidelines, see U.S.S.G. § 5K2.0; and 5) increased Judd's criminal history category from category I to category IV. See U.S.S.G. § 4A1.3.

Viewing the record in a light most favorable to the verdict, we find that there was sufficient evidence establishing that Judd had an intent to extort money with the mailing of the 1997 postcards and the package mailed to the victim and that the mailing of the package constituted a threat. See United States

v. Duhon, 565 F.2d 345, 351 (5th Cir. 1978); United States v. Lance, 536 F.2d 1065, 1068 (5th Cir. 1976); see also United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982)(en banc), aff'd, 462 U.S. 356 (1983).

The district court's determination that there was conduct evidencing Judd's intent to carry out his threats was not clearly erroneous, and the district court's six-level enhancement under U.S.S.G. § 2A6.1(b)(1) was proper. See United States v. Goynes, 175 F.3d 350, 353 (5th Cir. 1999). The district court's finding that Judd's offense involved more than two threats was supported by the record and not clearly erroneous, and the two-level enhancement under U.S.S.G. § 2A6.1(b)(2) was proper. See United States v. Brock, 211 F.3d 88, 90-92 (4th Cir. 2000).

The district court's five-level enhancement based upon the extreme psychological injury to the victim and Judd's extreme conduct was also supported by the record, and the district court did not double count conduct previously considered with the court's § 2A6.1(b)(1) and (2) enhancements. Judd's challenge to the five-level enhancement under U.S.S.G. § 5K2.3, p.s. and § 5K2.8, p.s. is without merit. The district court's additional five-level enhancement based upon Judd's mailing of information to jurors did not rely on the conduct supporting the two-level obstruction-of-justice enhancement. Judd's challenge to the U.S.S.G. § 5K2.0 enhancement is without merit. Furthermore, the district court sufficiently stated reasons for increasing Judd's

No. 98-51081 c/w Nos. 98-51217; 99-50038; 99-50040; 99-50041; 99-50045; 99-50296; 99-50446; 99-50447; 99-50449; 99-50450; 99-50511; 99-50670; 99-50780; 99-50819; 99-50830; 99-50845; 99-50846; 99-50847; 99-50848; 99-50851; 99-50933; 00-51324; 01-50003; 01-50004

-4-

criminal history category from category I to category IV, and Judd's challenge to the increase is without merit.  See U.S.S.G. § 4A1.3; United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993 (en banc).

Finally, the multiple enhancements resulting in Judd's sentencing range being several times greater than the range determined by the presentence report did not indicate error with Judd's sentencing.  See United States v. Daughenbaugh, 49 F.3d 171, 174-75 (5th Cir. 1995).  Judd's conviction and sentence are AFFIRMED.

Judd has filed numerous notices of appeal and motions in this court.  A number of those appeals have either been stricken or consolidated with the instant appeal, and Judd has been directed to file one brief addressing all his issues with his conviction.  To the extent that there are appeals from the district court criminal case docketed as 98-CR-93-ALL not yet consolidated, those appeals are now CONSOLIDATED with the instant appeal.  See Fed. R. App. P. 3(b).  All motions currently pending in this court pertaining to Judd's appeal of his criminal case are DENIED.