**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4524**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO PIEDRO LIBERATO, a/k/a Carlos,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (CR-04-37-SGW)

Submitted: September 11, 2006          Decided: November 9, 2006

Before WILLIAMS and GREGORY, Circuit Judges, and Thomas E. JOHNSTON, United States District Judge for the Southern District of West Virginia, sitting by designation.[1]

Affirmed by unpublished per curiam opinion.

Roland M. L. Santos, Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Joseph W. H. Mott, Assistant

---

[1]The case was originally calendared for oral argument before this panel of judges. Judge Johnston, however, recused himself from the case. The case was removed from the oral argument calendar. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mario Piedro Liberato pleaded guilty to one count of illegal reentry into the United States after deportation for an aggravated felony, in violation of 8 U.S.C.A. §§ 1326(a), (b)(2) (West 2005), and to one count of conspiracy to distribute in excess of 5 kilograms of cocaine, 1,000 kilograms of marijuana, and 50 grams of methamphetamine, in violation of 21 U.S.C.A. §§ 846 and 841(a) (West 1999).[2] On appeal, Liberato contends that the district court erred in accepting his guilty plea and in failing to treat drug quantity as an element of the offense under § 841(a). Finding no reversible error, we affirm.

## I.

On November 17, 2004, a grand jury returned a five-count indictment against Liberato for his involvement in a wide-ranging drug conspiracy. One count of the indictment charged Liberato under 21 U.S.C.A. §§ 846 and 841(a)(1) with conspiracy to distribute in excess of 5 kilograms of cocaine, 1,000 kilograms of marijuana, and 50 grams of methamphetamine. Liberato entered into a written plea agreement with the Government, in which he pleaded guilty to the drug conspiracy count and to another count charging him with illegal reentry into the United States after deportation for conviction of an aggravated felony. The parties made no

---

[2]Liberato does not challenge his conviction on the illegal reentry charge.

3

agreement as to the kinds or quantities of drugs attributable to Liberato, either for guidelines or statutory penalty purposes, and instead agreed that the district court would make all quantity determinations at sentencing. Liberato waived his rights to appeal sentencing guidelines issues and to collaterally attack the district court's judgment.[3] Liberato also acknowledged that the agreement subjected him to the maximum penalties for the object drug offenses -- life in prison and a mandatory minimum of twenty years in prison -- based on his prior felony drug conviction. The parties agreed that the plea was not an admission of responsibility for any quantity of drugs.

During the guilty plea hearing, the district court conducted an extensive Rule 11 colloquy with Liberato. The Government recited the terms of the plea agreement, and Liberato's counsel acknowledged that the Government's recitation reflected her understanding of the agreement. Liberato stated that the agreement had been read to him by his counsel and that "I understood everything, I just disagree with some part of it." (J.A. at 50.) Liberato then admitted his involvement in the marijuana conspiracy, but he stated that he would "not take responsibility for cocaine or

---

[3]The Government does not raise the issue of Liberato's waiver of these rights. We therefore decline to raise the issue sua sponte. See United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)("[T]he Government expressly elected not to argue waiver ... and we decline to determine whether [the defendant] waived this issue in the absence of argument by the parties.").

methamphetamines or any other drugs that they're bringing in to me."  (J.A. at 51.)

Liberato's counsel immediately spoke up and stated that "[Liberato] understands that that was part of the conspiracy." (J.A. at 51.)  After the Government explained that Liberato was admitting to the conspiracy but denying responsibility for distributing cocaine and methamphetamine as part of that conspiracy, the court asked Liberato if this was correct.  Liberato responded that it was.

At this point the district court expressed some concern as to how he could accept Liberato's guilty plea to a conspiracy that involved cocaine and methamphetamine when Liberato only admitted to involvement in marijuana.  The Government responded that the plea agreement reserved to the district court the authority to determine which drugs would be attributed to Liberato.  The district court then asked Liberato a number of questions to ensure that he understood the consequences of his guilty plea, including asking whether Liberato understood that he was agreeing to allow the district court to determine the exact quantity of marijuana attributable to him and to determine whether any cocaine or methamphetamine would be attributed to him.  The district court took a recess to give Liberato and his counsel an opportunity to make sure that Liberato completely understood the consequences of his plea.

After the recess, Liberato's counsel stated that it was her "firm belief" that Liberato understood "exactly" the consequences of his plea and that it would be up to the district court to determine the type and amount of drugs attributable to him in the conspiracy.[4] (J.A. at 57.) The court again asked Liberato a number of questions to ensure that he completely understood the consequences of his guilty plea, repeating the fact that Liberato was leaving it to the court to decide whether the cocaine and methamphetamine were attributable to him. To each question, Liberato replied that he understood. Liberato stated that he was pleading guilty because he was in fact guilty of the conspiracy.

The district court then heard a lengthy recitation of the factual basis for the pleas. Liberato stated that he agreed with the recitation, save the part relating to cocaine and methamphetamine. The district court found that the plea was knowing and voluntary and that it was "supported by an independent basis in fact insofar as it relates to a conspiracy to distribute marijuana . . . ." (J.A. at 90.) The court held under advisement

---

[4]In making this quantity determination, the district court was required to apply the principles of Pinkerton v. United States, 328 U.S. 640, 646-47 (1946): Liberato could only be responsible for drug quantities attributed to the overall conspiracy that were both within the scope of Liberato's individual agreement to the conspiracy and reasonably foreseeable to him. Id.; see also United States v. Collins, 415 F.3d 304, 313-14 (4th Cir. 2005)(stating that, while the Pinkerton principles "have no applicability to a conviction under [21 U.S.C.A.] § 846," they should be used under § 841(b) in determining "the amount of narcotics attributable to any one individual in a conspiracy").

6

whether there was an independent basis for attributing the cocaine or methamphetamine to Liberato.

The presentence report (PSR) attributed 1,500 pounds of marijuana, 13 kilograms of cocaine powder, and 8.5 ounces of methamphetamine to Liberato. At sentencing, a co-conspirator, two case agents, and Liberato testified on quantity issues and on an obstruction enhancement for threats that Liberato made toward the co-conspirator. The district court found "beyond a reasonable doubt as to the question of weight that the weight involved more than a thousand kilograms of marijuana that was the object of the conspiracy into which the defendant had entered." (J.A. at 219.) The district court also sustained Liberato's objection to the PSR, declining to attribute any cocaine or methamphetamine to him. The court sentenced Liberato within the Guidelines to 360 months' imprisonment. Liberato timely noted an appeal. We have jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 2006).

## II.

Liberato contends that the district court erred in accepting his guilty plea in the face of his refusal to admit involvement in all the drugs charged in the indictment. Because Liberato did not object or withdraw his guilty plea in the district court on the basis of this alleged error, we review for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002)(holding that in the Rule 11

7

context "a silent defendant has the burden to satisfy the plain-error rule"); United States v. Martinez, 277 F.3d 517, 525-527 (4th Cir. 2002) (same). Under plain error review, Liberato must show that (1) the district court committed an error, (2) the error was plain, and (3) the error affected his substantial rights, i.e., that the error affected the outcome of the district court's proceedings. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Hughes, 401 F.3d. 540, 547-48 (4th Cir. 2005). Even if Liberato makes this showing, we should only notice the error if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

A drug conspiracy exists "when there is an agreement to engage in one overall venture to deal in drugs." United States v. Bowens, 224 F.3d 302, 307 (4th Cir. 2000). It is axiomatic that once a conspiracy is proven, "a defendant need not be involved in every phase of that conspiracy to be deemed a participant." United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988). Indeed, we have not required a defendant facing a multi-drug conspiracy count to admit involvement in all charged drugs for the district court to accept the defendant's guilty plea. See United States v. Scheetz, 293 F.3d 175, 187-88 (4th Cir. 2002)(affirming the district court's acceptance of a guilty plea to a multi-drug conspiracy count even though the defendant denied responsibility for one of the object drugs). Liberato's argument is also undercut by the fact that the

8

district court expressly did not attribute any amount of cocaine or methampetamine to him; functionally, then, the district treated his plea as if the indictment only charged a conspiracy to distribute marijuana. Accordingly, the district court did not err in accepting Liberato's guilty plea solely because he did not assume responsibility for all the drugs charged in the indictment.

As a corollary to his argument, and in an attempt to implicate our decision in United States v. Promise, 255 F.3d 150 (4th Cir. 2001)(en banc), Liberato also contends that the district court erred in accepting his guilty plea to the multi-drug conspiracy indictment because, in so doing, the district court failed to treat the threshold quantities charged in the indictment as elements of the offense. In Promise, we held, in the wake of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), that the specific threshold drug quantities listed in 21 U.S.C.A. § 841(b) are not mere sentencing factors but are elements of separate aggravated drug offenses that must be charged in the indictment and proved to the jury beyond a reasonable doubt or admitted by the defendant.[5] Id. at 156-57. Promise made clear that § 841 is a "multi-offense statute, with the baseline offense being drug distribution without a quantity finding, § 841(b)(1)(C),

_____

[5]"Specific threshold drug quantities" are those quantities of drugs set forth in 21 U.S.C.A. §§ 841(b)(1)(A), (b)(1)(B), a finding of which subjects a defendant to a sentence of ten years to life imprisonment (§ 841(b)(1)(A)) or five to forty years imprisonment (§ 841(b)(1)(B)).

and with multiple aggravated offenses containing the additional element of a particular threshold quantity of drugs." <u>Martinez</u>, 277 F.3d at 528 (emphasis added).

Liberato's reliance on <u>Promise</u> is unavailing. Liberato pleaded guilty to involvement in excess of 1,000 kilograms of marijuana, the threshold quantity of marijuana that was charged in the indictment; under § 841(b)(1)(A), this was a guilty plea to an aggravated marijuana conspiracy <u>distinct</u> from the aggravated offenses involving cocaine and methamphetamine that are specified elsewhere in the statute. Moreover, the district court found beyond a reasonable doubt that Liberato was involved in excess of the threshold marijuana quantity. Accordingly, Liberato was sentenced to 360 months' imprisonment, which was within the statutory range for his offense.[6] <u>See</u> 21 U.S.C.A. § 841(b)(1)(A).

---

[6]Because the district court sustained Liberato's objection to the PSR's attribution of cocaine and methamphetamine to Liberato, the court did not rely on the PSR's base offense level calculation. Based on Liberato's involvement in excess of 1,000 kilograms of marijuana, the district court, using the 2004 Sentencing Guidelines, calculated Liberato's base offense level to be 32. Four points were added pursuant to <u>U.S.S.G.</u> § 3B1.1(a) because Liberato acted as an organizer or leader of the conspiracy, and 2 points were added pursuant to <u>U.S.S.G.</u> § 3C1.1 because Liberato attempted to obstruct justice. This rendered a total offense level of 38. Based on an offense level of 38 and a criminal history category of III, the district court determined that the advisory Guidelines range for Liberato's offense was 292 to 365 months. <u>See</u> <u>United States Sentencing Guidelines Manual</u> Chapter 5, Part A (2004). Accounting for Liberato's previous felony drug conviction, under 21 U.S.C.A. § 841(b)(1)(A) the mandatory minimum and maximum terms for Liberato's offense were twenty years to life imprisonment. Liberato's 360 months' sentence thus falls within both the statutory and Guidelines ranges for his offense.

Therefore, our holding in <u>Promise</u> is not implicated because Liberato was not sentenced above the statutory maximum for the aggravated marijuana offense to which he pleaded guilty.

## III.

In sum, we affirm Liberato's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

<u>AFFIRMED</u>