**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4198

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VINCENT CONSTANTINE HUTCHINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, District Judge.  (1:00-cr-00253-TSE)

Submitted:  January 31, 2007          Decided:  March 5, 2007

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John B. Mann, JOHN B. MANN, P.C., Richmond, Virginia, for Appellant.  Paul Edmund McNulty, Kelli Hamby Ferry, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent C. Hutchins appeals his 192-month prison sentence after pleading guilty to one count of conspiracy to distribute hashish oil in violation of 21 U.S.C. §§ 841(a)(1) & 846 (2000). Hutchins' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), acknowledging the absence of any meritorious issues on appeal.[*] Hutchins has filed a pro se supplemental brief, challenging the determination of the Sentencing Guidelines range and raising constitutional error. Finding no reversible error, we affirm.

Hutchins asserts that the district court erred in determining that his failure to appear at sentencing warranted an obstruction of justice enhancement, claiming that the failure to appear constituted a separate offense pursuant to 18 U.S.C. § 3146 (2000), and that under United States v. Booker, 543 U.S. 220 (2005), a jury was required to make the necessary factual findings for the enhancement. The district court was not in error to impose the obstruction of justice enhancement simply because Hutchins could have faced a separate failure to appear count. See 18 U.S.C. § 3146 (2000); U.S. Sentencing Guidelines Manual § 2J1.6 (1998).

---

[*]Although counsel notes that there is a waiver contained in Hutchins' plea agreement, the Government does not seek to enforce the waiver. Because the Government has not relied on the waiver provision to assert that appellate review is precluded, the argument raised by counsel need not be addressed. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)).

- 2 -

The conduct was not double-counted and Hutchins admitted to absconding.

Nor does the two-level enhancement for obstruction of justice run afoul of Booker or the Sixth Amendment. In sentencing defendants after Booker, district courts should continue to apply a preponderance of the evidence standard, taking into account that the resulting Guidelines range is advisory only. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). The district court fully complied with these requirements.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hutchins' conviction and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED