UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5071

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES LINDBERGH BURTON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis III, Senior District Judge. (1:06-cr-00258-TSE)

Submitted: May 25, 2007                    Decided: July 9, 2007

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas D. Hughes, IV, THOMAS D. HUGHES, IV, P.C., Reedville, Virginia, for Appellant. Robert Charles Erickson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

From May 2003 through December 2003, Charles Lindbergh Burton, Jr. and a co-conspirator recruited eleven individuals to file false insurance claims with their auto insurers. As a result, Burton was charged in a one count information with health care fraud, in violation of 18 U.S.C. § 1347 (2000). Pursuant to a plea agreement, Burton plead guilty to the sole count in the information on June 28, 2006.

Burton appeared for sentencing on September 22, 2006. At the time of sentencing, Burton was in custody due to similar but unrelated charges from the State of Maryland. The district court sentenced Burton within the advisory guidelines to seventy months' imprisonment, consecutive to any sentence he was then serving. Burton timely noted his appeal. On appeal, Burton's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he raises two issues.

First, Burton questions whether he waived his right to appeal his sentence and conviction. Although Burton's plea agreement contained a waiver provision and the district court found his plea knowing and voluntary, the Government has not filed a motion in this case seeking to invoke his waiver. Accordingly, the waiver provision does not bar Burton's appeal. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (stating that where the government elects not to raise waiver, this Court may decline to

consider it) (citing <u>United States v. Brock</u>, 211 F.3d 88, 90 n.1 (4th Cir. 2000)).

Second, Burton asserts that the district court erred in not running his sentence concurrent with the sentence he was already serving.  However, as the sentence he was already serving at the time of sentencing on his federal conviction was an unrelated state conviction, the district court was free to impose a concurrent, partially concurrent, or consecutive sentence on Burton.  <u>See</u> U.S.S.G. § 5G1.3 (2005).  Accordingly, Burton's second contention is without merit.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Burton, in writing, of his right to petition the Supreme Court of the United States for further review. If Burton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Burton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>