**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4869**

UNITED STATES OF AMERICA,

  Plaintiff – Appellee,

  v.

MICHAEL ANTWAN LEE,

  Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:08-cr-00040-01; 7:09-cr-00007-sgw-2)

Submitted:  August 19, 2010       Decided:  August 26, 2010

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Allegra M.C. Black, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Jennie L.M. Waering, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Antwan Lee pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2006), and malicious damage to a building by fire, in violation of 18 U.S.C. § 844(i) (2006). He received a 168-month sentence. Lee's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in counsel's opinion, there are no meritorious grounds for appeal but raising the issues of whether Lee's waiver of appeal rights was effective and whether Lee's sentence is reasonable. Lee was notified of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Counsel first challenges the enforceability of Lee's appellate waiver. However, the Government has not filed a responsive brief or motion to dismiss asserting the waiver, and we do not sua sponte enforce appellate waivers. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)). Accordingly, we conclude this issue is moot.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating

2

the guideline range.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances.  Gall, 552 U.S. at 51.

Lee was found to be an armed career criminal and, accordingly, he was subject to a statutorily mandated minimum of 180 months' imprisonment.  See 18 U.S.C. § 924(e).  His advisory guidelines range was 180 to 210 months' imprisonment.  See U.S. Sentencing Guidelines Manual ("USSG") § 5G1.1(c)(2) (2008) (requiring the statutorily required minimum sentence be the minimum of the advisory guideline sentence).  The Government, however, filed a motion pursuant to USSG § 5K1.1 based on Lee's substantial assistance, recommending a sentence of fourteen years' imprisonment, a sentence below the advisory guidelines range and below the statutory minimum.  After considering the 18 U.S.C. § 3553(a) (2006) factors, the district court sentenced Lee to fourteen years' imprisonment.  We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Lee and that his sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Lee, in writing, of his

3

right to petition the Supreme Court of the United States for further review. If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED