**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4314**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

    v.

MARKEITH LOYD,

             Defendant – Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge. (5:10-cr-00119-1)

───────────

Submitted:  August 18, 2011       Decided:  August 23, 2011

───────────

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Debbie H. Stevens, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markeith Loyd pled guilty, pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), to one count of possession of items designed and intended to be weapons, in violation of 18 U.S.C. § 1791(a)(2), (d)(1)(B) (2006). The district court imposed a twenty-seven-month sentence. On appeal, Loyd's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he finds no meritorious issues for appeal, but questions whether Loyd's sentence is unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006). Although informed of his right to do so, Loyd has not filed a supplemental brief. The Government has declined to file a response. We affirm.

We review a district court's imposition of a sentence under a deferential abuse-of-discretion standard.[*] See Gall v. United States, 552 U.S. 38, 51 (2007). We presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir.

---

[*] Loyd's plea agreement included a waiver barring an appeal from a sentence within the range of twenty-four to thirty months imprisonment. However, the Government has not filed a motion to dismiss asserting the waiver, and we do not sua sponte enforce appellate waivers. See generally United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n. 1 (4th Cir. 2000)).

2007).  Loyd's counsel points to several factors that may have lent support to a lower sentence in Loyd's case, but none of these considerations demonstrate that Loyd's within-Guidelines sentence is unreasonable.  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).  The district court provided a sound explanation for rejecting Loyd's request for a lesser term of imprisonment at sentencing.  The record does not support a finding that the district court's sentence is unreasonable in this regard.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Loyd's conviction and sentence.  This court requires that counsel inform Loyd, in writing, of the right to petition the Supreme Court of the United States for further review.  If Loyd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Loyd.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3