**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4235**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JAMES W. RICHARD,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:12-cr-00038-FPS-JES-1)

———————

Submitted:  December 10, 2013          Decided:  January 10, 2014

———————

Before KING, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Sandra Baughn Jelovsek, LAW OFFICE OF SANDRA BAUGHN JELOVSEK, Johnson City, Tennessee, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Stephen L. Vogrin, Randolph J. Bernard, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James W. Richard appeals his sentence after pleading guilty to one count of mailing threatening communications in violation of 18 U.S.C. § 876(a) (2012). On appeal, Richard contends that the district court erred by applying a two-level enhancement to his base offense level under U.S. Sentencing Guidelines Manual § 2A6.1(b)(3) (2012) "when there was no protective order in effect at the time he mailed the threatening communication for which he was convicted." Appellant's Br. at 1. We affirm.

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention." Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

Because Richard did not object to the enhancement under USSG § 2A6.1(b)(3) in the district court, we review this issue for plain error. See United States v. Carthorne, 726 F.3d 503, 509 (4th Cir. 2013). To establish plain error, Richard must show: (1) that an error was made; (2) that the error was

plain; and (3) that the error affected his substantial rights. See id. at 510 (citing Henderson, 133 S. Ct. at 1126; Olano, 507 U.S. at 732-35). If he makes this showing, the decision to correct the error remains within our discretion, and we will exercise that discretion only if the error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings. Id. (citations and quotation marks omitted).

We have reviewed the record and the parties' briefs, and we conclude that Richard has not made the requisite showing. When applying USSG § 2A6.1(b)(3), a district court considers not only conduct in the offense of conviction but also relevant conduct under USSG § 1B1.3. See USSG § 1B1.1 cmt. n.1(H); United States v. Brock, 211 F.3d 88, 91 n.2 (4th Cir. 2000). Moreover, even when prior conduct does not constitute "relevant conduct" under USSG § 1B1.3, a district court is directed to consider such prior conduct when applying USSG § 2A6.1(b)(3) if it is "substantially and directly connected to the offense." USSG § 2A6.1 cmt. n.1; see United States v. Worrell, 313 F.3d 867, 876-78 (4th Cir. 2002). Applying these standards to the facts of this case, we conclude that the district court did not plainly err by considering the conduct alleged in the count that was dismissed when applying USSG § 2A6.1(b)(3).

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4