**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4765**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

 v.

GREGORY WALL, a/k/a Yomi,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:11-cr-00337-RJC-14)

_____

Submitted: July 21, 2015    Decided: July 23, 2015

_____

Before WILKINSON and MOTZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Roderick M. Wright, Jr., WRIGHT LAW FIRM OF CHARLOTTE, PLLC, Charlotte, North Carolina, for Appellant; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Wall pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, 21 U.S.C. § 846 (2012), and was sentenced to a below-Guidelines sentence of 46 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the following issues: (1) whether the appellate waiver contained in Wall's plea agreement is valid, (2) whether the district court erred in holding Wall responsible for between 700 and 1000 kilograms of marijuana for sentencing purposes, and (3) whether the district court erred in denying Wall's request for a four-level reduction for being a minimal participant, U.S. Sentencing Guidelines Manual § 3B1.2(a) (2013). Although informed of his right to file a pro se supplemental brief, Wall has not done so. We affirm.

Because the Government has not moved to dismiss Wall's appeal, we need not address his challenges to the validity of the appellate waiver provision in his plea agreement. See United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000).

Next, counsel questions whether the district court erred in holding Wall responsible for between 700 and 1000 kilograms of marijuana. We review a district court's factual findings regarding drug quantity for clear error. United States v. Carter, 300 F.3d

2

415 (4th Cir. 2002). The Government is required to prove a defendant's drug quantity under the Guidelines by a preponderance of the evidence, id. at 422, but the defendant bears the burden to demonstrate that the information contained in the presentence report is unreliable or inaccurate. United States v. Kiulin, 360 F.3d 456, 461-62 (4th Cir. 2004). Our review of the record leads us to conclude that Wall did not meet his burden of demonstrating that the drug quantity calculation was based on unreliable or inaccurate information. Accordingly, we find no clear error in the district court's determination that Wall was responsible for between 700 and 1000 kilograms of marijuana.

Finally, counsel questions whether the district court erred in denying Wall's request for a four-level reduction for being a minimal participant. A defendant seeking a downward adjustment for his or her minimal role in the offense must prove that he or she is entitled to it by a preponderance of the evidence. See United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). We review the district court's determination on this issue for clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). We have reviewed the record and find that the district court's denial of Wall's request for a reduction based on his role in the offense was not clearly erroneous.

In accordance with Anders, we have reviewed these issues and the record in this case, and have found no meritorious issues for

3

appeal.  We therefore affirm Wall's conviction and sentence.  This court requires that counsel inform Wall, in writing, of the right to petition the Supreme Court of the United States for further review.  If Wall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wall. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED