**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4579**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

LATEEF AKANDE, a/k/a Vincent Tyrone Jackson, a/k/a Tyrone
Jackson, a/k/a Alexander Lamar Norris, a/k/a Samuel Dejuan
Jackson, a/k/a Brian Tafft, a/k/a Brian Tefft, a/k/a Jon
Agne, a/k/a Antwan Morgan, a/k/a Black,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:12-cr-00288-RWT-1)

_____

Submitted: October 30, 2015   Decided: November 12, 2015

_____

Before SHEDD, AGEE, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Kenneth E. McPherson, KENNETH E. MCPHERSON, CHTD, Riverdale,
Maryland, Gregory W. Gardner, LAW OFFICES OF GREGORY W. GARDNER,
PLLC, Washington, D.C., for Appellant.  Rod J. Rosenstein,
United States Attorney, Baltimore, Maryland, David Ira Salem,
Assistant United States Attorney, Thomas Patrick Windom, OFFICE
OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lateef Akande appeals his conviction and 175-month sentence after pleading guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012); bank fraud, in violation of 18 U.S.C. § 1344 (2012); aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012); and money laundering, in violation of 18 U.S.C. § 1957 (2012). Akande's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the indictment was sufficient, whether Akande's guilty plea was valid, whether a proper factual basis existed for the plea, and whether Akande's sentence was reasonable.* Akande has been notified of his right to file a pro se brief, but he has not filed one. We affirm.

We detect no flaws in Akande's indictment. We also conclude that no reversible error occurred during Akande's Fed. R. Crim. P. 11 hearing, and that the district court had an ample factual basis from which to accept Akande's guilty plea.

Turning to Akande's sentence, we review for both procedural and substantive reasonableness "under a deferential abuse-of-

---

* Although Akande waived his right to appeal in his plea agreement, the Government has not moved to enforce that waiver. See United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000) (this court will not enforce waiver provision in plea agreement sua sponte)

3

discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. We presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

After reviewing the presentence report and sentencing transcript, we conclude that Akande's sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range, discussed the applicable § 3553(a) factors, and thoroughly explained its reasons for imposing the sentence Akande received. In addition, Akande has not made the showing necessary to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

4

appeal. We therefore affirm the district court's judgment. Counsel's motion to withdraw at this juncture is denied. This court requires that counsel inform Akande, in writing, of the right to petition the Supreme Court of the United States for further review. If Akande requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Akande.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED