**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4769**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS DALE SIMS, JR., a/k/a Thomas D. Sims, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:16-cr-00030-GMG-RWT-1)

Submitted: May 11, 2017                     Decided: May 30, 2017

Before GREGORY, Chief Judge, and KEENAN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kristen M. Leddy, Research & Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. Shawn Michael Adkins, Anna Zartler Krasinski, Assistant United States Attorneys, Martinsburg, West Virginia; William J. Ihlenfeld, II, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Dale Sims, Jr. pleaded guilty to possession of a firearm after having sustained convictions for misdemeanor crimes of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (2012), pursuant to a plea agreement with the Government. The district court sentenced Sims to 15 months of imprisonment followed by 3 years of supervised release, and he now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is substantively reasonable. Sims was advised of his right to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

Initially, we conclude that we need not consider whether Sims' appellate waiver precludes him from contesting his conviction or sentence on appeal. The Government has not sought enforcement of the waiver and we decline to enforce appellate waiver provisions sua sponte. *See United States v. Brock*, 211 F.3d 88, 90 n.1 (4th Cir. 2000). On appeal, counsel asserts that the sentence is greater than necessary to satisfy the statutory sentencing factors identified in 18 U.S.C. § 3553(a) (2012).

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir.), *cert. denied,* 136 S. Ct. 1833 (2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We

2

then review the substantive reasonableness of the sentence. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *White*, 810 F.3d at 230 (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range and sufficiently explained the sentence. In addition, Sims' within-Guidelines sentence is presumptively reasonable and we conclude that Sims has not rebutted that presumption.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Sims, in writing, of the right to petition the Supreme Court of the United States for further review. If Sims requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*