**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5053**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT MICHAEL JORDAN, a/k/a Michael
Christopher Jordan, a/k/a Yophet Brown,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Richard L. Voorhees,
District Judge. (CR-04-39)

———————

Submitted: October 25, 2006      Decided: November 14, 2006

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Gretchen
C. F. Shappert, United States Attorney, Charlotte, North Carolina,
Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Michael Jordan pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000). Pursuant to the Government's filing of a 21 U.S.C. § 851 (2000) information listing a prior felony drug conviction, Jordan was sentenced to the statutory mandatory minimum term of twenty years' imprisonment. See 21 U.S.C. § 841(b)(1)(A) (2000). Jordan timely appealed, and we affirm.

Jordan's appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but suggesting the district court erred at sentencing and Jordan received ineffective assistance of counsel in regard to his guilty plea.[1] Jordan filed a pro se supplemental brief, alleging the district court's imposition of sentence violated United States v. Booker, 543 U.S. 220 (2005), and its progeny. The Government elected not to file a responsive brief.[2]

---

[1]This claim is not cognizable on direct appeal, as the record does not conclusively establish ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, if Jordan wishes to raise an ineffective assistance claim, he must do so in a motion filed pursuant to 28 U.S.C. § 2255 (2000).

[2]The plea agreement contained a provision in which Jordan agreed to waive his right to contest his conviction and sentence,

- 2 -

Counsel suggests the district court erroneously amended the § 851 information, erroneously sentenced Jordan pursuant to § 841(b)(1)(A), and impermissibly enhanced Jordan's sentence based on a prior conviction not alleged in the indictment. Because these contentions were not raised in the district court, they are reviewed for plain error. See United States v. Olano, 507 U.S. 725, 733-37 (1993).

The record indicates the district court corrected a clerical error in the § 851 information, which is permissible prior to sentencing. See 21 U.S.C. § 851(a)(1) (2000). The district court provided Jordan "with a full and fair opportunity to establish that he is not the previously convicted individual or that the conviction is an inappropriate basis for enhancement." United States v. Ellis, 326 F.3d 593, 599 (4th Cir. 2003) (quoting United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992)). Jordan acknowledged the prior felony drug conviction. Clearly, he cannot prove the "[clerical] error 'actually affected the outcome

either on appeal or in a 28 U.S.C. § 2255 (2000) motion, except for: (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent sentencing calculations were inconsistent with the plea agreement's stipulations. However, the Government has not asserted the waiver provision precludes review of Jordan's conviction or sentence on appeal. Thus, we decline to enforce the appellate waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (stating that where Government expressly elects not to raise waiver, this court may decline to consider it) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)).

- 3 -

of the proceedings.'"  Ellis, 326 F.3d at 599 (quoting United States v. Hastings, 134 F.3d 235, 240 (4th Cir. 1998)).

Counsel contends Jordan pled guilty to a violation of § 846 instead of a dismissed count alleging a violation of § 841, to which he contends the § 851 information applied.  However, § 846 adopts the penalty provisions of § 841.  See 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense.").

Moreover, although the prior felony drug conviction was not alleged in the indictment, the district court permissibly enhanced Jordan's sentence on the basis of this prior conviction.[3] See United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005) (concluding predicate convictions did not have to be charged in the indictment or submitted to a jury so long as no facts extraneous to those necessary to support the enhancement need be decided to invoke the enhancement), cert. denied, 126 S. Ct. 1463 (2006); see also Shepard v. United States, 544 U.S. 13, 25 (2005) (holding Sixth Amendment protections apply only to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record.").

---

[3]In fact, Jordan acknowledged the existence of this prior conviction at the sentencing hearing.

In his pro se supplemental brief, Jordan alleges the district court treated the sentencing guidelines as mandatory, in violation of <u>Booker</u> and <u>Hughes</u>. The record plainly rebuts this allegation. However, the district court possessed no discretion to sentence Jordan below 240 months' imprisonment, because "<u>Booker</u> did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence." <u>United States v. Robinson</u>, 404 F.3d 850, 862 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 288 (2005).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Jordan's conviction and sentence. This court requires that counsel inform Jordan, in writing, of the right to petition the Supreme Court of the United States for further review. If Jordan requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from further representation. Any such motion filed by counsel must state that a copy thereof was served on Jordan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>