**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4615**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHERWOOD FARROW,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:05-cr-00078-gec-1)

Submitted: December 21, 2006          Decided: December 29, 2006

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

I. D. Walton Caudill, Roanoke, Virginia, for Appellant. Edward Albert Lustig, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherwood Farrow pled guilty to two counts of a fourteen-count indictment to conspiracy to possess with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000) (Count 1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2000) (Count 9). The district court sentenced Farrow to 262 months' imprisonment on each count, to be served concurrently, five years of supervised release, and ordered payment of a $2000 fine and a $200 statutory assessment.[1] Farrow's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Farrow's plea, and whether the sentence

---

[1]Farrow stipulated in his plea agreement and at sentencing that he qualified as an armed career criminal, based on two prior violent felony convictions. The probation officer calculated an advisory sentencing guideline range for Farrow of 262 to 327 months' imprisonment founded on an offense level of 34 and a criminal history category of VI. After careful consideration of the facts and evidence, the district court made all the factual findings appropriate for that determination, and considered the advisory sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), prior to imposing sentence.

imposed was reasonable.[2]  Farrow was given an opportunity to file a pro se brief, but has failed to do so.

Farrow did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  We have carefully reviewed the transcript of the Rule 11 hearing and find no plain error in the district court's acceptance of Farrow's guilty plea. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court properly "consult[ed the] Guidelines and [took] them into account when sentencing," United States v. Booker, 543 U.S. 220, ___, 125 S. Ct. 738, 767 (2005), that it made all the factual findings appropriate for that determination, considered the sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and imposed a sentence that was "within the statutorily prescribed range and . . . reasonable."  United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); see also  United States v.

_____

[2]The plea agreement contained a provision in which Farrow agreed to waive his right to contest his conviction and sentence either on appeal or in a 28 U.S.C. § 2255 (2000) motion, except for certain claims of ineffective assistance of counsel or prosecutorial misconduct not asserted or evident here.  However, the Government has not asserted the waiver provision precludes review of Farrow's conviction or sentence on appeal.  Thus, we decline to enforce the appellate waiver.  See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)).

Green, 436 F.3d 449, 456-57 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006) (finding that a sentence within a properly calculated advisory range to be presumptively reasonable). Here, the district court's sentence was predicated on Farrow's stipulations in his plea agreement that he was responsible for a drug weight of more than fifty grams, but less than 150 grams, of cocaine base, and that he qualified as a career offender based on two prior convictions for violent felonies under U.S. Sentencing Guidelines Manual, § 4B1.1 (2005). Given these facts, we find to be reasonable the district court's sentence at the low end of a properly calculated advisory guidelines range.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Farrow's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED