**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-5187**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND ROGER SURRATT, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (CR-04-250)

———————————

Submitted: January 25, 2007          Decided:  January 29, 2007

———————————

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James O. Rice, Jr., EVANS & RICE, P.L.L.C., Asheville, North Carolina, for Appellant.  Kimlani Murray Ford, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Roger Surratt, Jr., pled guilty to one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court sentenced Surratt to life imprisonment, ten years of supervised release, and ordered payment of a $100 statutory assessment.[1] Surratt's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the sentence imposed was reasonable.[2] Surratt has filed a pro se supplemental brief arguing that his plea was not voluntary and his attorney was ineffective.

---

[1]The Government filed a Notice of Intention to Seek Enhanced Penalties pursuant to 21 U.S.C. §§ 841(b)(1)(A), 851 (West 1999 & Supp. 2006), setting forth three prior felony drug convictions on which it relied to support an enhanced penalty. Surratt stipulated in his plea agreement that he was responsible for a drug weight of more than fifty grams of cocaine base. The probation officer calculated an advisory sentencing guideline range of 188 to 235 months' imprisonment founded on an offense level of 31 and a criminal history category of VI, but noted that life is the statutory mandatory minimum term of imprisonment pursuant to U.S. Sentencing Guidelines Manual, § 5G1.1(b) (2004), for violation of 21 U.S.C. §§ 841(b)(1)(A), 851.

[2]The plea agreement contained a provision in which Surratt agreed to waive his right to contest his conviction and sentence either on appeal or in a 28 U.S.C. § 2255 (2000) motion, except for claims of ineffective assistance of counsel, prosecutorial misconduct, and sentencing claims not asserted or evident here. However, the Government has not asserted that the waiver provision precludes review of Surratt's conviction or sentence on appeal. Thus, we decline to enforce the appellate waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)).

By counsel, Surratt asserts that because at one point in the sentencing hearing the district court stated its agreement with the Government when the Government erroneously stated that Surratt's calculated advisory guideline range notwithstanding the statutory mandatory minimum, was 360 months to life, rather than 188 to 235 months, his sentence was unreasonable. We find the district court's misstatement to be harmless error, at most, given the proper application and imposition of the statutory mandatory minimum sentence of life imprisonment. After careful consideration of the facts and evidence, the district court made all the factual findings appropriate for the sentencing determination, and considered the advisory sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), prior to imposing the properly applicable statutory mandatory minimum sentence. Given these facts, we find Surratt's sentence to be reasonable.

Surratt did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of his plea and the Fed. R. Crim. P. Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Surratt is bound by the statements he made at the plea colloquy, and there is no evidence that his plea was unknowing or involuntary. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). We have carefully reviewed the transcript of the Rule 11 hearing

and find no plain error in the district court's acceptance of Surratt's guilty plea.  See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

Finally, Surratt's claim of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that his counsel was ineffective.  United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).  Because the record does not conclusively establish ineffective assistance of counsel, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Surratt's conviction and sentence.  We deny counsel's motion to withdraw from representation at this juncture.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>