**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4256**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STACSON MAURICE PAGE,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:05-cr-00230-H-1)

─────────────

Submitted:  March 5, 2007          Decided:  March 16, 2007

─────────────

Before WILLIAMS and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacson Maurice Page pled guilty, pursuant to a written plea agreement, to possession of firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). On appeal, Page's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the waiver of appellate rights in Page's plea agreement was valid and enforceable. Page has filed a pro se supplemental brief questioning whether he was properly sentenced as a career offender. Finding no reversible error, we affirm.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005). The issue, however, ultimately is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th

Cir. 2002). We review the question of whether a defendant validly waived his right to appeal de novo. Blick, 408 F.3d at 168.

We conclude Page knowingly and voluntarily waived his right to appeal in a valid plea agreement and the district court complied with Fed. R. Crim. P. 11 in conducting Page's guilty plea hearing. The court informed Page that any waiver of his appeal rights would be binding on him. The language of the waiver and plea agreement is clear and unmistakable. Page represented by his statements at the plea hearing and signature on the plea agreement that he had been fully advised about, and understood, the terms of the plea agreement. As part of the plea agreement, Page specifically agreed to waive any appeal of his conviction and sentence. Thus, we find the waiver valid and enforceable. However, because the Government has not asserted that the waiver provision precludes review of Page's conviction or sentence on appeal and because his attorney has filed an Anders brief, we consider the merits of Page's appeal despite his appellate waiver. See United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000). Our review of the record confirms there are no meritorious grounds for appeal.

We find the claim raised in Page's pro se supplemental brief to be without merit. As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Therefore, finding no error, we affirm Page's conviction and

sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED