**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4054**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS SIMMONS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:06-cr-00649)

---

Submitted:  May 31, 2007               Decided:  June 6, 2007

---

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Brent Alan Gray, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Simmons pled guilty to two counts of a four-count indictment to possession with the intent to distribute a quantity of cocaine and five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C) (2000) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) (2000) (Count 3). The district court sentenced Simmons to an aggregate of 147 months' imprisonment, four years of supervised release on each count to run concurrently, and ordered payment of a $200 statutory assessment.[1] Simmons' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Simmons' plea, and whether the plea was knowing and

---

[1]The probation officer calculated an advisory sentencing guideline range for Simmons of 87 to 108 months' imprisonment on Count 1, founded on a total offense level of 27 and a criminal history category of III, and a minimum consecutive sentence of 60 months' imprisonment on Count 3. After careful consideration of the facts and evidence, the district court made all the factual findings appropriate for that determination, and considered the advisory sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), prior to imposing sentence.

voluntary.[2]  Simmons was given an opportunity to file a <u>pro</u> <u>se</u> brief, but has failed to do so.

Simmons did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002).  We have carefully reviewed the transcript of the Rule 11 hearing and find no plain error in the district court's acceptance of Simmons' guilty plea. <u>See</u> <u>United States v. DeFusco</u>, 949 F.2d 114, 119-20 (4th Cir. 1991). Moreover, Simmons is bound by the statements he made at the Rule 11 hearing, <u>see</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977), and we find no evidence that Simmons' plea was not knowing or voluntary. <u>See</u> <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Simmons' conviction and sentence. This court requires that counsel inform his client, in writing, of

---

[2]The plea agreement contained a provision in which Simmons agreed to waive his right to contest his conviction and sentence either on appeal or in a 28 U.S.C. § 2255 (2000) motion, except for certain claims of ineffective assistance of counsel or prosecutorial misconduct not asserted or evident here.  However, the Government has not asserted the waiver provision precludes review of Simmons' conviction or sentence on appeal.  Thus, we decline to enforce the appellate waiver. <u>See</u> <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005) (citing <u>United States v. Brock</u>, 211 F.3d 88, 90 n.1 (4th Cir. 2000)).

his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED