**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4301**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM JEFF ALMOND,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:06-cr-00184-D)

---

Submitted: November 30, 2007     Decided: December 18, 2007

---

Before NIEMEYER and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Carl G. Ivarsson, Jr., COOK, IVARSSON & SHOBER, Fayetteville, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Jeff Almond pled guilty to an information charging him with unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and distribution of more than five grams of cocaine base (crack), 21 U.S.C. § 841 (2000). Almond was sentenced as an armed career criminal, 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2007), to a term of 324 months imprisonment. Almond seeks to appeal his sentence, challenging the district court's decision to give him a weapon enhancement and to deny him an adjustment for acceptance of responsibility. He also contests his armed career criminal status. We affirm in part and dismiss in part.

Under the terms of his plea agreement, Almond waived his right to appeal "whatever sentence is imposed," including issues relating to the establishment of the advisory guideline range. He reserved only the right to appeal from a sentence in excess of the applicable advisory guideline range that is established at sentencing. Paragraph 3 of the plea agreement set out the elements of each offense and, with respect to the § 922(g)(1) count, stated that Almond understood that the statutory maximum for the offense was ten years, but if his criminal history subjected him to "the sentencing enhancement of 18 U.S.C. § 924(e), then the applicable penalt[y]" would be fifteen years to life imprisonment. Almond was advised about the waiver of appeal rights at the guilty plea

hearing, and our review of the record discloses that the waiver was knowing and voluntary.  See United States v. Brown, 232 F.3d 399, 402 (4th Cir. 2000).  His challenges to the firearm enhancement and the district court's decision that he had not accepted responsibility fall within the scope of the waiver.  We therefore dismiss that portion of the appeal.

The government has not asserted the waiver with respect to Almond's contention that he lacks the predicate convictions for an armed career criminal sentence under § 924(e).  Consequently, we will consider the issue on the merits.  United States v. Brock, 211 F.3d 88, 90 (4th Cir. 2000).  Almond had two prior felony convictions for assault and battery, and one felony conviction for breaking and entering his estranged wife's apartment (after which he stole her credit cards), all offenses which occurred on different occasions.  The district court determined that the breaking and entering offense constituted burglary for purposes of § 924(e) under Taylor v. United States, 495 U.S. 575 (1990).

Almond acknowledges the Supreme Court's ruling in Taylor, but argues that the interpretation of the law should be different. The district court correctly followed Taylor, and this court may not ignore or overrule Supreme Court precedents, see United States v. Cheek, 415 F.3d 349, 353 (4th Cir. 2005).  Therefore, we conclude that Almond was properly sentenced as an armed career criminal.

We therefore affirm the district court's judgment, but dismiss Almond's challenge to the court's decisions concerning the firearm enhancement and acceptance of responsibility.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART