**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4990**

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

> v.

GILMORE RICHARDS,

> Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Thomas E. Johnston, District Judge.  (1:08-cr-00040-1)

Submitted:  July 20, 2009          Decided:  August 14, 2009

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Tinney, Jr., TINNEY LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Charleston, West Virginia, Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilmore Richards pled guilty pursuant to a plea agreement to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). As part of the plea agreement, Richards waived his right to appellate review of the reasonableness of a sentence within the Guidelines range. The district court sentenced Richards to a within-Guidelines sentence of 70 months' imprisonment. Richards' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in denying Richards' motion for a downward departure and whether the sentence imposed is reasonable. The Government does not seek to enforce the plea agreement's appeal waiver.[*] We affirm.

Richards contends that the district court erred in denying his motion for a downward departure, pursuant to U.S.

---

[*] Because the Government does not seek enforcement of the appeal waiver, we need not consider whether the waiver is dispositive of this appeal. See United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000) (declining to consider an appeal waiver that arguably barred the appeal on one issue because the Government had expressly elected not to argue waiver with respect to that issue); cf. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005) (enforcing a plea agreement's appeal waiver where the Government sought enforcement, the issues raised fell within the waiver's scope, and no claim was presented that the Government breached its obligations under the plea agreement).

Sentencing Guidelines Manual § 4A1.3 (2007), on the basis that his criminal history category over-represented the seriousness of his criminal history. A district court's refusal to depart from the applicable Sentencing Guidelines range does not provide a basis for appeal under 18 U.S.C. § 3742 (2006), "unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). After review of the record, we conclude that the district court clearly recognized its authority to depart but determined that a downward departure was not warranted. Accordingly, this claim is not cognizable on appeal.

A review of the sentencing transcript and the presentence report reveals no error in sentencing. In determining a defendant's sentence, the district court must calculate properly the advisory Guidelines range and consider this range in conjunction with the factors set forth at 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 596-97 (2007). We review a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," under an abuse-of-discretion standard. 128 S. Ct. at 591. Further, sentences within the applicable Guidelines range may be presumed reasonable on appeal. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

3

The district court followed the necessary procedural steps in sentencing Richards, properly calculating, treating as advisory, and considering the Guidelines range, performing an "individualized assessment" of the relevant § 3553(a) factors, and stating in open court the reasons for its sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Richards' sentence, which is at the low end of the applicable Guidelines range and below the statutory maximum of twenty years' imprisonment, may be presumed on appeal to be reasonable. We conclude that the district court did not abuse its discretion in sentencing Richards.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Richards, in writing, of the right to petition the Supreme Court of the United States for further review. If Richards requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richards. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED