**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4646**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

FLOYD VINES,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:08-cr-00488-RLW-3)

Submitted:  April 12, 2010                  Decided:  June 7, 2010

Before TRAXLER, Chief Judge, and WILKINSON and DUNCAN, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

David R. Lett, Richmond, Virginia, for Appellant.  Michael Arlen
Jagels, Special Assistant United States Attorney, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Floyd Vines pled guilty to conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Vines to 172 months' imprisonment.

Vines' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal, but presenting two challenges to Vines' conviction. Though advised of his right to do so, Vines has not filed a pro se supplemental brief. The Government declined to file a brief.

Counsel first challenges the enforceability of Vines' appellate waiver. However, the Government has not filed a motion to dismiss asserting the waiver, and we do not sua sponte enforce appellate waivers. See generally United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)). Accordingly, we find this issue is moot.

Counsel next argues that there was an insufficient factual basis for Vines' guilty plea because there was no expert evidence to establish that the substance involved in the conspiracy was in fact crack cocaine. However, in pleading guilty to conspiracy to distribute crack cocaine, Vines admitted

2

"all the elements of [the] formal criminal charge," McCarthy v. United States, 394 U.S. 459, 466 (1969), and waived his right to contest "all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citation omitted). Moreover, the statement of facts proffered by the Government at Vines' plea hearing expressly identified that the conspiracy involved crack cocaine, and Vines testified that this statement accurately reflected his criminal conduct. Adoption of counsel's suggestion that further evidence was needed would undermine the legal significance imported to Vines' inculpating statements. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Accordingly, we reject this argument.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. The district court substantially complied with the mandates of Federal Rule of Criminal Procedure 11 in accepting Vines' guilty plea. Moreover, Vines' sentence is procedurally and substantively reasonable. Accordingly, we affirm the district court's judgment. Further, we deny counsel's pending motion to withdraw from representation. This court requires that counsel inform his client, in writing, of his right to petition the

3

Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED