**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4317**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DONNIE RAYVON VERDELL,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:08-cr-00320-WO-1)

Submitted: November 18, 2010     Decided: November 29, 2010

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie Rayvon Verdell pled guilty to conspiracy to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006), and felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He received a 168-month sentence. On appeal, counsel for Verdell has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether (1) Verdell's appellate waiver is enforceable; (2) counsel below rendered ineffective assistance; (3) Verdell's voluntary post-arrest statements were detrimental to him; and (4) Verdell's sentence is reasonable. Although informed of his right to do so, Verdell has not filed a pro se supplemental brief. We affirm.

Counsel first challenges the enforceability of Verdell's appellate waiver. However, the Government has not filed a motion to dismiss asserting the waiver, and we do not sua sponte enforce appellate waivers. See generally United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)). Accordingly, we find this issue is moot.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of

2

both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). In addition, this court presumes a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Verdell's sentence is both procedurally and substantively reasonable. The district court properly calculated Verdell's Guidelines range (262 to 327 months of imprisonment), treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Given the circumstances of Verdell's case, the district court granted a downward variance to the twenty-year mandatory minimum, and then granted the Government's motion for a thirty percent downward departure, based on Verdell's substantial assistance, to 168 months' imprisonment. The district court clearly based its sentence on its individualized assessment of

3

the facts of the case, and we conclude the district court did not abuse its discretion in imposing the chosen sentence.

Verdell also suggests counsel was ineffective in not raising defenses of jurisdiction and/or innocent possession of the firearm. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We find that Verdell's claims are not ripe for review at this time.

As required by Anders, we have reviewed the record and find no meritorious issues for review.[*] Accordingly, we affirm the district court's judgment and deny counsel's motion to withdraw. This court requires that counsel inform Verdell in writing of his right to petition the Supreme Court of the United States for further review. If Verdell requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Verdell. We dispense with oral argument because the facts and legal contentions are adequately

---

[*] As counsel concedes, Verdell's post-arrest admissions were voluntary and we find no meritorious issue for appeal in this regard.

4

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>