**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4939**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON LAMAR HARRINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:08-cr-00323-TDS-1)

Submitted:  February 10, 2011        Decided:  February 16, 2011

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Lamar Harrington pleaded guilty pursuant to a written plea agreement to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court imposed a downward variance sentence of 188 months of imprisonment. Counsel for Harrington filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the guilty plea was knowing and voluntary and whether the district court fashioned a reasonable sentence. Harrington filed a pro se supplemental brief. The Government elected not to file a brief. Finding no error, we affirm.

A guilty plea is constitutionally valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). We evaluate a guilty plea based on the "the totality of the circumstances" surrounding the guilty plea. United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir 2010). Harrington did not move to withdraw his guilty plea, and this court therefore reviews the adequacy of the plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Vonn, 535 U.S. 55, 58-59 (2002) (holding defendant who lets Rule 11 error pass without objection in the district court must satisfy the plain-error test); United

2

States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). The district court properly conducted the Rule 11 hearing and the record reveals that Harrington's plea was knowing and voluntary.

A review of the record reveals no error in sentencing.[*] When determining a sentence, the district court must calculate the appropriate advisory Sentencing Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007); United States v. Lynn, 592 F.3d 572 (4th Cir. 2010). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Gall, 552 U.S. at 41. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Harrington, appropriately treating the Sentencing Guidelines as advisory, properly calculating and

_____

[*] Harrington's plea agreement included a waiver barring an appeal from the calculation of his sentence. However, the Government has not filed a motion to dismiss asserting the waiver, and we do not sua sponte enforce appellate waivers. See generally United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)).

considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. Harrington's Guidelines range was 262-327 months. The court granted a downward variance sentence of 188 months and the sentence may be presumed reasonable by this court. Pauley, 511 F.3d at 473. We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

Harrington filed a pro se supplemental brief questioning whether the district court erred in using a conviction obtained pursuant to an Alford plea to apply the career offender enhancement and whether the court erred in failing to further reduce his sentence based on the latest amendment for crack cocaine sentences. In accordance with Anders, we have reviewed these issues and the record in this case and have found no meritorious issues for appeal. We therefore affirm Harrington's conviction and sentence. This court requires that counsel inform Harrington, in writing, of the right to petition the Supreme Court of the United States for further review. If Harrington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrington. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED