**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4179**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

RANDY CECIL PHILLIPS,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00011-MR-1)

———————

Submitted: February 10, 2011      Decided: February 16, 2011

———————

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Claire J. Rauscher, Executive Director, Ann L. Hester, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Phillips pleaded guilty pursuant to a written plea agreement to one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006) and one count of sale of two firearms to a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court imposed the statutory mandatory minimum sentence of 120 months in prison. Counsel for Phillips filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court fashioned a reasonable sentence. Phillips did not file a pro se supplemental brief. The Government elected not to file a brief. Finding no reversible error, we affirm.

A review of the record reveals no error in sentencing.[*] When determining a sentence, the district court must calculate the appropriate advisory Sentencing Guidelines range and consider it in conjunction with the factors set forth in 18

---

[*] Phillips' plea agreement included a waiver barring an appeal from the calculation of his sentence. However, the Government has not filed a motion to dismiss asserting the waiver, and we do not sua sponte enforce appellate waivers. See generally United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)). Accordingly, we will decide the appeal on the merits.

2

U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007); United States v. Lynn, 592 F.3d 572 (4th Cir. 2010). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Gall, 552 U.S. at 41. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Phillips, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. Because of the statutory mandatory minimum sentence, Phillips' Guidelines range became 120 to 125 months. Phillips' 120-month sentence, which is the statutory minimum sentence the district court was required to impose, may be presumed reasonable by this court. Pauley, 511 F.3d at 473. We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Phillips, in writing, of the right

3

to petition the Supreme Court of the United States for further review. If Phillips requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Phillips.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>