**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4906**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MARIO MONTAY QUILLER, a/k/a Mecca,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:10-cr-00295-BR-1)

———————

Submitted:  August 27, 2012     Decided:  September 11, 2012

———————

Before MOTZ, KING, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary J. Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Montay Quiller pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2006), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). In exchange for his plea the Government dismissed the remaining six charges. On appeal, counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious arguments for appeal. Quiller filed a pro se supplemental brief, asserting that the Rule 11 hearing was flawed because he was not informed of the correct minimum or maximum sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat. 2372 ("FSA"). The Government did not file a brief.[*] We affirm.

---

[*] In the plea agreement, Quiller waived his right to appeal whatever sentence was imposed. However, the Government has elected not to seek enforcement of the waiver. It is this court's policy not to raise the issue sua sponte. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)); see United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with appeal waiver, the Government's failure to respond "allow[s] this court to perform the required Anders review").

After reviewing the record, we conclude that Quiller's Rule 11 hearing was sufficient and proper. At the time that Quiller pled guilty, which was after the FSA's effective date, the FSA was not being applied retroactively to those defendants whose criminal conduct occurred prior to the enactment of the FSA but were sentenced after the FSA's effective date. At sentencing, Quiller's counsel argued that the reduced statutory sentence contained in the FSA should apply to Quiller. In light of the Attorney General's revised view that the FSA should apply retroactively, the district court agreed. Quiller was thus exposed to a maximum statutory sentence of forty years instead of life.

While the appeal was pending, the Supreme Court ruled in Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012), that the FSA was applicable to persons in Quiller's situation: the criminal conduct occurred prior to the FSA's effective date but sentencing occurred after the Act's effective date.

Needless to say, Quiller, who successfully argued at sentencing for the FSA's reduced statutory penalties, did not assert at any time before the imposition of sentence that the Rule 11 hearing was flawed due to misinformation about the maximum sentence. Accordingly, review is for plain error. See United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). Under plain error review, Quiller must show there was error,

that error was plain, and that error was material or affected his substantial rights. Even if he satisfies these conditions, the court will use its discretion and correct the error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. at 524. Additionally, to show that a Rule 11 violation was plain error, Quiller must demonstrate that he would not have entered the plea. Id. at 532.

We conclude that Quiller's substantial rights were not affected. By virtue of pleading guilty and not proceeding to trial, Quiller received the benefit of the dismissal of six counts and a reduced offense level based on acceptance of responsibility. Quiller, who had an extensive criminal history, also faced the possibility of a life sentence for the firearm conviction if it was found that he was an armed career criminal. Accordingly, we conclude there was no plain error and affirm Quiller's convictions.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, the court first examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing

4

to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, this court presumes on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We conclude that the district court properly determined the Guidelines sentence. With respect to the district court's explanation of the sentence, "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted); see Gall, 552 U.S. at 50. The reasons articulated for a given sentence need not be "couched in the precise language of [18 U.S.C.] § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation." United States v.

5

Moulden, 478 F.3d 652, 658 (4th Cir. 2007). The district court's explanation need not be extensive, so long as this court is satisfied "'that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita, 551 U.S. at 356 (alterations omitted)), cert. denied, 131 S. Ct. 165 (2010).

We have reviewed the sentencing transcript and the district court's statement of reasons and conclude that the court considered the arguments raised by the parties and adopted the Government's position as acceptable. In so doing, the court acknowledged its inclination to sentence Quiller to the high end of the Guidelines and yet sentenced Quiller to the middle of the sentencing range, consistent with the Government's request.

Accordingly, we conclude that Quiller's sentence was both procedurally and substantively reasonable. United States v. Wright, 594 F.3d 259, 267-68 (4th Cir.), cert. denied, 131 S. Ct. 507 (2010); see Rita, 551 U.S. at 347 (upholding rebuttable presumption of reasonableness for within-Guidelines sentence).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Quiller's convictions and sentence. This court requires counsel inform Quiller, in writing, of the right

6

to petition the Supreme Court of the United States for further review. If Quiller requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Quiller. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED