**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4537**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ARCHIE LARUE EVANS,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00575-RBH-1)

———————

Submitted:  June 29, 2015          Decided:  July 8, 2015

———————

Before KING and KEENAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.  William E. Day, II, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Archie LaRue Evans pled guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341 (2012), and one count of conspiracy to structure transactions with a financial institution to evade currency reporting requirements, in violation of 18 U.S.C. § 371 (2012). The district court sentenced Evans to 84 months in prison, a slight downward variance from the 87 to 108-month Sentencing Guidelines range. Evans timely appealed.

Evans' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but asserting that Evans did not knowingly and voluntarily waive his right to appeal, and questioning the reasonableness of Evans' sentence. Counsel also advances claims of ineffective assistance of trial counsel and prosecutorial misconduct. For the reasons that follow, we affirm.

As a preliminary matter, Evans' plea agreement contained a waiver-of-appellate-rights provision. However, the Government has not asserted the appellate waiver as a basis for dismissing this appeal and we decline to sua sponte enforce appellate waivers. See generally, United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88,

2

90 n.1 (4th Cir. 2000)). We therefore need not consider whether Evans knowingly and voluntarily waived his right to appeal.

We next review Evans' sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range." Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. We presume that a sentence below a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014), cert. denied, 135 S. Ct. 421 (2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." Id. After reviewing the presentence report and the sentencing transcript, we conclude that Evans' below-Guidelines sentence is both procedurally and substantively reasonable.

Evans also asserts that both his privately-retained attorney and the court-appointed public defender were ineffective. To succeed on a claim of ineffective assistance of counsel, Evans must show that (1) counsel's performance was

3

constitutionally deficient and (2) such deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Evans must demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688. The prejudice prong is satisfied, within the context of a guilty plea, if Evans can demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not generally addressed on direct appeal, United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008), but rather should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that Evans should raise these claims, if at all, in a § 2255 motion.

Finally, Evans contends that prosecutorial misconduct occurred throughout the proceedings. We find no support in the record for his claims.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.* We therefore affirm Evans' convictions and sentence. This court requires that counsel inform Evans, in writing, of the right to petition the Supreme Court of the United States for further review. If Evans requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Evans. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* Evans filed a pro se supplemental brief asserting numerous challenges to his guilty plea and sentence. We have reviewed Evans' pro se supplemental brief and conclude that he is not entitled to relief on any of the claims raised.